## No. 8591.

### SYMES INVESTING COMPANY *v.* DE SOLLAR.

PRINCIPAL AND AGENT—*When the Relation Exists.* A store room of ˙defendant was occupied by one Behen. Defendant had agreed that Behen might surrender if another tenant should be found to accept a lease upon the same terms, and employed plaintiff to secure such other tenant. Defendant solicited one Bloom to accept a lease of the premises. To bring the arrangement about it was necessary that Bloom should purchase the fixtures of Behen. Plaintiff participated in the negotiation between Bloom and Behen, and finally brought it to a successful issue. There being no evidence that plaintiff contracted with either Behen or Bloom for a commission, or made any demand upon either of them, *held* that his mere participation in the negotiations between them, did not convert him into the representative of Bloom for procuring the lease.

*Error to Denver District Court, Hon. George W. Allen,*
*Judge.*

Mr. FRED FARRAR, Mr. J. FOSTER SYMES and Mr. IVOR
O. WINGREN, for plaintiff in error.

Mr. WILLIAM H. DICKSON, for defendant in error.

Mr. Justice Hill delivered the opinion of the court:

THIS action is to recover a commission by a real estate
agent for securing a tenant for a store building.   Verdict
and judgment were for plaintiff.   It is claimed that the
evidence is insufficient to sustain the verdict.   The testi-
mony is conflicting.   It is unnecessary to set forth its con-
tents, but is sufficient to say that an examination of it dis-
closes that there is sufficient competent testimony upon
which the verdict can be sustained.

It is claimed the testimony discloses that the defendant
in error was working for both parties, and therefore could
not recover a commission from either, without an express
contract, and full knowledge of this fact, and that the court
erred in refusing to give defendant's Instruction No. 13 on
this question.   It reads:

"The court instructs the jury that an agent or broker
cannot at the same time act for two parties whose interests
are adverse, and in order to entitle such an agent or broker
to a commission from either party where the circumstances
are such, the broker or agent must prove that the party
from whom he claims a commission knew all the facts and
circumstances and expressly agreed to pay the agent or
broker a commission for his services."

We agree with the trial court that there was no testi-
mony sufficient to warrant the giving of this instruction.
We cannot agree that there is any testimony tending to
disclose that the defendant in error was representing both
parties.   'Tis true that in one of his conversations with the
manager of plaintiff in error, he admits referring to Mr.
Bloom as his client, but when asked what he meant by
that he said:

"When I referred to Mr. Bloom of The Bloom Jewelry Company in my cross-examination as my client, I meant that Mr. Bloom was simply a tenant that I had in mind, who was looking for a location. Mr. Bloom never paid me any commission in this matter, he never agreed to pay me any commission, and I did not expect any commission from him."

The facts contained in this statement stand uncontradicted, and when the testimony is considered as a whole, it discloses that the defendant in error simply had an acquaintance with Mr. Bloom; that he knew it was necessary for him to secure a new location; that in his business as a real estate agent he solicited from the owners of storerooms the privilege of renting them, etc.; that in securing tenants he took advanage of his knowledge pertaining to the needs of his acquaintance in this respect, just the same as an agent would of his knowledge concerning prospective buyers. The record also discloses that a Mr. Behen had a lease from plaintiff in error for this room, which had some time to run; that he had advised the manager of the plaintiff in error that he would consider giving up the room, and the latter had stated to him it would allow him to do so, provided another tenant was secured who would take a lease on the same terms; that in order for defendant in error to get his deal through between the plaintiff in error and Mr. Bloom, it was necessary that Bloom and Behen arrive at an understanding concerning the sale and purchase of the Behen fixtures, etc., and that the defendant in error devoted considerable time looking to this end, which was ultimately accomplished. We cannot agree that these facts altered the condition between the parties. According to the jury's finding, the defendant in error was employed to, and found, a customer for the plaintiff in error, who took a lease on its room for a term of years. In order to bring this about, it was necessary to negotiate with another tenant, and arrive at some agreement between him and the prospective tenant. This, the agent did, not for the purpose alone of consummating the deal between them concerning the fixtures, but

for the ultimate purpose of being able to consummate the deal for the long term lease between the landlord and the prospective tenant. By assisting in the negotiations between the two tenants, the agent was successful in accomplishing what he started out to do, namely, securing the execution of the term lease, when this was accomplished if employed for this purpose, he was entitled to his commission. 'Tis true, Mr. Behen testified that the defendant in error said to him during the negotiations between him and Bloom that he thought he should be compensated for all the work he had done, but the witness further said "he really did not ask me for it." The record discloses that he spent a great deal of time in the negotiations between Bloom and Behen, and he may have thought that he should have been compensated for this work, but there is nothing to show that he contracted with, or made claim against, either Mr. Bloom or Mr. Behen for any compensation concerning the lease, or even for his work between Bloom and Behen. Whether he should be paid a commission by Mr. Behen for the sale of his fixtures is not before us, but we cannot agree that his labor in this respect should defeat his recovery in this action, or was evidence tending to show that he was to be paid his commission for the lease by other than the plaintiff in error. The record discloses that the defendant in error showed Mr. Bloom other locations. We cannot agree that this tends, as claimed, to establish that he was the agent of Mr. Bloom in this transaction, but to the contrary we see no difference in this act than in any real estate agent showing a prospective purchaser sundry homes of different owners, with a view of making a sale of one.

Instruction No. 5 complained of reads:

"The Court instructs the jury that to entitle the plaintiff to recover a commission from the defendant the plaintiff must prove a contract of employment, either express or implied, and the mere fact that the plaintiff asked the manager of the defendant at what price he was willing to make a lease on the store room known as No. 824 Sixteenth Street

does not of itself establish the relation of principal and agent between defendant and plaintiff."

This instruction was as favorable to the plaintiff in error concerning the question therein referred to as it could ask.

The judgment is affirmed.

*Affirmed.*

Decision *en banc.*

Mr. Justice Teller dissents.

Mr. Justice Allen not participating.